JUDGE RAKOFF

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Tarik F. Ajami (TA 5922)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000



05 CV 2340

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MATHEW DOCKSWELL, on behalf of himself
and others similarly situated,

        Plaintiff,

-against-

TOWN SPORTS INTERNATIONAL, d/b/a NEW
YORK SPORTS CLUB, BOSTON SPORTS
CLUB, PHILADEPHIA SPORTS CLUB, and
WASHINGTON SPORTS CLUB,

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Mathew Dockswell, individually and on behalf of others similarly situated, by his attorneys, Outten and Golden LLP, alleges as follows:

### PRELIMINARY STATEMENT

      1.     Defendant Town Sports International ("TSI") owns and operates approximately 137 health clubs in New York, Connecticut, New Jersey, Pennsylvania, Virginia, Maryland, Washington D.C., and Massachusetts.

      2.     TSI operates health clubs under the following brand names: New York Sports Club, Boston Sports Club, Philadelphia Sports Club, and Washington Sports Club.

      3.     In its health clubs, TSI employs personal trainers in titles including "floor trainer," "pro trainer," and "master trainer" (generically hereinafter, "personal trainers").

4. According to TSI's website, TSI employs over 1,500 trainers nationwide.

5. TSI's personal trainers provide personal training for TSI's customers and perform other tasks for TSI's benefit.

6. TSI does not pay its personal trainers for many of the hours that they work for TSI's benefit, including hours that they work in excess of 40 hours per workweek.

7. By the conduct described in this Complaint, Defendant has willfully violated the Fair Labor Standards Act by failing to pay its employees, including Plaintiff, proper overtime wages as required by law.

## NATURE OF THE ACTION

8. Plaintiff bring this action on behalf of himself and all similarly situated current and former employees of Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant, that have deprived Plaintiff and others similarly situated of their lawful overtime wages.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

### The Plaintiff

12. Plaintiff Mathew Dockswell ("Dockswell" or "Plaintiff"), an adult individual, is a resident of Forest Hills, New York.

13. Dockswell has been employed by TSI as a personal trainer in various health clubs from approximately January 16, 2002 through the present.

### The Defendant

14. TSI is a domestic corporation.

15. TSI is incorporated in New York State.

16. TSI does business within New York City and the New York County.

17. TSI maintains corporate headquarters within the City and County of New York at 888 Seventh Avenue, 25th Floor.

18. Upon information and belief, TSI maintains control, oversight, and direction over the operation of its facilities, including the facilities' employment practices.

## COLLECTIVE ALLEGATIONS

19. Plaintiff brings FLSA claims on behalf of himself and all other similarly situated current and former employees who work or have worked for TSI as personal trainers and who elect to opt into this action (the "FLSA Collective").

20. TSI is liable under the FLSA for, among other things, failing to properly compensate Plaintiff and members of the FLSA Collective. Upon information and belief, there are many similarly situated current and former employees of TSI who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to TSI, are readily identifiable, and can be located through records TSI is

legally obligated to maintain in an easily accessible state. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

21. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by the TSI and/or TSI has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

22. Upon information and belief, as part of its regular business practice, TSI has intentionally, willfully, and repeatedly, engaged in a policy and pattern or practice of violating the FLSA with respect to its personal trainers, including Plaintiff and the FLSA Collective. This policy and pattern or practice includes but is not limited to:

(a) willfully depriving its personal trainers, including Plaintiff, of wages to which they are entitled under the law;

(b) requiring, suffering, and/or permitting its personal trainers, including Plaintiff, to work many hours beyond 40 in a workweek without paying them overtime wages as required by the FLSA; and

(c) willfully failing to keep payroll records as required by the FLSA, including failing to record all of the time that personal trainers have worked for the TSI's benefit.

23. Upon information and belief, TSI's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

24. Upon information and belief, TSI's unlawful conduct has been widespread, repeated, and consistent.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

25. Dockswell is a current employee of TSI.

26. Dockswell has been an employee of TSI since January 16, 2002.

27. Dockswell has worked as a personal trainer at several TSI health clubs in New York.

28. As a personal trainer, Dockswell has regularly worked more than 40 hours per workweek.

29. TSI has not paid Dockswell for all of the time that he has worked in excess of 40 hours per workweek and has never paid Dockswell a premium for time that he has worked in excess of 40 in a workweek.

30. Upon information and belief, consistent with its policy and pattern or practice, TSI has not kept accurate records with respect to Dockswell as required by the FLSA.

31. Consistent with TSI's policy and pattern or practice, Plaintiff has regularly worked in excess of 40 hours per workweek without being paid overtime wages as required by the FLSA.

## DEFENDANT'S VIOLATIONS WERE WILLFUL

32. Upon information and belief, TSI was aware or should have been aware that federal law requires it to pay non-exempt hourly employees, including personal trainers, an overtime premium of time and one half for all hours worked in excess of 40 per workweek. Nevertheless, TSI intentionally failed to pay Plaintiff and similarly situated trainers a premium of time and one half for hours worked in excess of 40 per workweek.

33. TSI's failure to pay Plaintiff overtime wages for his work in excess of 40 hours per workweek was willful.

## CAUSE OF ACTION
### (Fair Labor Standards Act)
### (Brought on Behalf of Plaintiff and all Members of the FLSA Collective)

34. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35. TSI has engaged in a widespread pattern and practice of willfully violating the FLSA, as detailed in this Complaint.

36. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

37. At all times relevant, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to TSI.

39. TSI is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

41. TSI has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

42. TSI's violations of the FLSA, as described in this Complaint, have been willful and intentional.

43. TSI has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

44. Because TSI's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

45. As a result of TSI's willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

46. As a result of the unlawful acts of TSI, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts plus liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by TSI as personal trainers in TSI's health clubs. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest;

D. Attorneys' fees and costs of the action; and

E. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:	February 23, 2005

            Respectfully submitted,

            **OUTTEN & GOLDEN LLP**

            By: _/s/ Tarik F. Ajami_
            Tarik F. Ajami (TA 5922)

            Adam T. Klein (AK 3293)
            Tarik F. Ajami (TA 5922)
            Justin M. Swartz (JS 7989)
            Linda A. Neilan (LN 4095)
            **Outten & Golden LLP**
            3 Park Avenue, 29th Floor
            New York, New York 10016
            Telephone: 212-245-1000

            **Attorneys for Plaintiff**